FILED
February 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002437276

**Michael R. Germain (C.S.B. # 133553)**
**Patrick B. Greenwell (C.S.B. #124014)**
THE BANKRUPTCY CENTER
945 Morning Star Drive
Sonora, CA 95370
Telephone: (209) 588-1500

Attorneys for Debtors,
Fazlollah A. Salari & Cathryn J. Salari

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA (MODESTO DIVISION)

| | |
|---|---|
| In re:<br><br>FAZLOLLAH A. SALARI &<br>CATHRYN J. SALARI,<br><br>Debtors. | Case No. 2010-90148<br>Chapter 7<br><br>**DC No. TBC-1**<br><br>Date: March 10, 2010<br>Time: 10:30 a.m.<br>Dept: E<br>Location: Modesto |

**DEBTORS' MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF ESTATE [11 U.S.C. § 554 (B)]; MEMORANDUM OF POINTS AND AUTHORITIES**

Debtors, Fazlollah A. Salari and Cathryn J. Salari ("the Salaris"), by and through their attorneys of record, respectfully ask the Court to make and enter an Order allowing compelling Gary Farrar, the duly-appointed and acting Trustee in the above-captioned case (hereinafter, "the Trustee") to abandon property of the estate (specifically, a home day-care business operated by the Salaris and known as "Little Eagles Daycare"), pursuant to 11 U.S.C. Section 554(b), on the ground that the subject property of the estate is burdensome and/or of inconsequential value and benefit to the Estate. In support of this Motion, the Salaris respectfully allege as follows:

1. The Salaris commenced this case on January 21, 2010 by filing a voluntary Chapter 7 Petition. Gary Farrar is the duly-appointed and acting Trustee in this case. It is believed that Mr. Farrar supports the present Motion.

Salari: Mot. To Compel Abandonment          1

2. From their home, located at 11300 Steiner Drive, Jamestown, California, the Salaris operate a home day care business known as "Little Eagles Daycare" (hereinafter, "the Business"). The Business actually consists of nothing more than some children's toys, with a fair market value of roughly $100.00, a Child Day Care License issued by the Community Care Division of the California Department of Social Services in favor of Cathryn Salari, and the name "Little Eagle's Daycare." (Declaration of Cathryn Salari, filed herewith.) Both the children's toys and the license are disclosed on the Salaris' Schedule B filed in this case (see items 23 and 30 on Schedule B) and exempted on Schedule C. (See Schedules B and C, in Court's file.) The Salaris operate the Business themselves without any employees, as sole proprietors. The Business is not transferrable, since it requires a license possessed by Cathryn Salari, and the license is not transferrable. The name "Little Eagle's Daycare" is not protected under any intellectual property provision and has no independent value. (Salari Dec.) Accordingly, the Business is but a DBA, has no fair market value and cannot be operated by anyone other than the Salaris. (Salari Dec.)

3. Under these circumstances the "Business" (i.e., the children's toys and the day-care license) is burdensome and/or of inconsequential value and benefit to the Estate. It is believed that the Trustee supports the present Motion under these circumstances.

**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

4. 11 U.S.C. Section 554(b) provides that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." See also, *In re Hyman*, 123 B.R. 342, 347 (9th Cir. BAP 1991).

**ARGUMENT**

5. **THE BUSINESS SHOULD BE ORDERED ABANDONED.** Clearly, the Business is burdensome and/or of inconsequential value and benefit to the estate. The Business effectively consists of nothing more than some children's toys, with a fair market value of roughly $100.00, a value-less name, and a Child Day Care License issued by the Community Care Division of the California Department of Social Services. The license is not transferrable. The business name is not protected and has no value. The children's toys and the license are exempt. Thus, the

Business is but a DBA, has no fair market value and cannot be operated by anyone other than the Salaris. The Business is burdensome and/or of inconsequential value and benefit to the estate. Accordingly, the Court should Order that the Business be abandoned pursuant to Section 554(b).

WHEREFORE, the Salaris respectfully ask the Court to make and enter an Order that the Business (the children's toys, the day care license and the name "Little Eagle's Daycare") are abandoned pursuant to Section 554(b).

**THE BANKRUPTCY CENTER**

Date: 2/23/10

**/s/ Michael R. Germain**
**Michael R. Germain, Attorney for Debtors**